UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BENNETT, | No. C-08-3792 SC |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| HOSTING.COM, INC., and DOES 1-10, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Catherine Bennett ("Plaintiff" or "Bennett") filed this action asserting 30 different claims against Defendant Hosting.com, Inc. ("Defendant"). See Compl., Docket No. 1. Bennett operates an internet-based business called "HowFastTheyGrow.com." Defendant is a provider of world wide web hosting and related services. This dispute arises out of a business relationship between the parties.

Before the Court is Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 129(b)(3), or, in the alternative, to transfer this action to the Western District of Kentucky. Docket No 6. Plaintiff opposed the motion, and Defendant replied. See Docket Nos. 12, 13. Having considered the parties' submissions, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

**II.  BACKGROUND**

Bennett hired Defendant to host her company's web site in April 2007.  At that time, Bennett and Defendant entered a Managed Hosting Services Agreement (the "Agreement").  See Rooney Decl., Docket No. 6-2, Ex. B.  Section M of the Agreement contains the following forum selection and choice-of-law provisions:

> This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Kentucky and Customer agrees that Jefferson County, Kentucky, shall be the sole and exclusive venue for any legal action or other proceedings brought in connection herewith.  Customer specifically submits itself to the jurisdiction of the state and/or federal courts thereof.

Id. § M.  The same section of the Agreement continues, "Customer further acknowledges that the pricing provided to Customer pursuant to this Agreement is based in large measure on the parties' respective rights, obligations, and limitations thereto set forth herein."  Id.

According to Bennett, when she signed the Agreement, "no terms were negotiated or negotiable."  Bennett Decl., Docket No. 12-3, ¶ 2.  Dan Green, Defendant's Vice President, said in his affidavit that the forum selection and choice-of-law provisions were critical to Defendant, and had Bennett not agreed to those provisions, Defendant would not have entered the Agreement with her.  See Rooney Decl. Ex. B. ("Green Aff.") ¶¶ 9-12.

Bennett alleges that she had numerous problems with Defendant's services during the term of the Agreement.  For example, Bennett claims that Defendant failed to use the agreed-upon software on its web servers; that Defendant's web servers

2

1  crashed, causing her web site to lose business; and that Defendant
2  ultimately lost valuable customer data relating to her business
3  when it "re-provisioned" the hard drives that had been used for
4  her web site.  See Compl.  Based on these and other allegations
5  about Defendant's activities, Plaintiff asserted 30 different
6  causes of action under both California and federal law.  Id.

## III. DISCUSSION

Based on the forum selection clause in the Agreement, Defendant claims that this district is not the proper venue for Bennett's suit, and moves to dismiss.  Bennett argues that the forum selection clause is unenforceable and that, even if the clause is enforceable generally, it does not apply in this matter because many of her claims do not relate to the Agreement.

### A. Enforceability of the Forum Selection Clause

Federal law governs the validity of a forum selection clause. See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  "Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"  Id. at 514 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)) (modification in original).  The bar for establishing the unreasonableness of a forum selection clause is high:

> A forum selection clause is unreasonable if

3

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Arqueto v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (internal citations and quotation marks omitted).

Bennett's arguments against enforcing the forum selection clause fall far short of satisfying this heavy burden. Bennett first argues that the clause is unconscionable because Defendant was in a superior bargaining position and because she was not given an opportunity to negotiate the terms of the clause. See Opp'n at 4. Bennett relies largely on cases dealing with choice-of-law rather than forum selection. See Hoffman v. Citibank, N.A., No. 07-55616, 2008 U.S. App. LEXIS 21680, at *16 (9th Cir. Oct. 14, 2008); Nedlloyd Lines B.V. v. Super. Ct., 3 Cal. 4th 459, 464-65 (1992). While federal law governs forum selection, see Manetti-Farrow, 858 F.2d at 513, choice-of-law is evaluated under state law. See Paracor Fin., Inc. v. Gen. Elec., 96 F.3d 1151, 1164 (9th Cir. 1996) (district court applies forum state's choice-of-law rules); see also ABF Capital Corp. v. Grove Props. Co., 126 Cal. App. 4th 204, 216 (Ct. App. 2005) (contractual choice-of-law determinations are enforceable under California law). The issue before the Court is not whether to apply California law or Kentucky law; rather it is whether the case should proceed in this Court at all. As such, Bennett's

4

authorities are inapplicable.[1]  Under federal law, neither a power differential between the parties nor the non-negotiability of the contract is a sufficient reason to set aside the forum selection clause.  See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1141 (9th Cir. 2004).

Bennett next argues that enforcement of the forum selection clause contravenes California public policy.  However, Bennett does not actually identify any relevant California policy that would be violated by enforcing the forum selection clause.  To the contrary, other courts have found that "strong public policy supports the enforcement of forum selection clauses."  E. & J. Gallo Winery v. Andina Licores S.A., 440 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006).

Finally, Bennett argues that certain of her claims were brought under California law, and that Kentucky law does not provide for comparable causes of action.  Opp'n at 6.  Choice-of-law is a separate inquiry, however.  Even if California law governs some claims, Bennett does not argue that the Western District of Kentucky – the parties' chosen forum – could not apply California law as required.  See Foster v. Nationwide Mut. Ins.

---

[1] Even if the California test for unconscionability of a contract were applicable, Bennett has not made the requisite showing.  A party asserting unconscionability must demonstrate both procedural and substantive unconscionability at the time the contract was made.  Am. Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1390 (Ct. App. 1996).  Bennett suggests that because she was not given the opportunity to negotiate the forum selection clause, that clause is procedurally unconscionable.  Opp'n at 4.  However, she does not argue that the Agreement as a whole or the forum selection clause in particular is substantively unconscionable.  Therefore, even applying Bennett's own authorities, the forum selection clause would be enforceable.

1 Co., No. 07-4928, 2007 U.S. Dist. LEXIS 95240, at *15 (N.D. Cal.
2 Dec. 14, 2007) ("other federal courts are fully capable of
3 applying California law").  Furthermore, differences between
4 Kentucky law and California law would not alone provide a basis
5 for refusing to enforce the Agreement.  "The fact that the forum .
6 . . specified by a contract affords remedies that are different or
7 less favorable to the laws of the forum preferred by a plaintiff
8 is not alone a valid basis to deny enforcement of the forum
9 selection and choice of law provisions."  E. & J. Gallo Winery,
10 440 F. Supp. 2d at 1127.

11 In short, Bennett has failed to prove that the forum
12 selection clause in § M of the Agreement is unreasonable.  See
13 Argueto, 87 F.3d at 325.  The Court therefore concludes that the
14 forum selection clause is valid and enforceable.

15 **B.  Applicability of the Forum Selection Clause to Bennett's**
16 **Tort Claims**

17 Bennett argues that many of her claims are "purely tort-
18 based" and are therefore not covered by the forum selection
19 clause.  Opp'n at 2.  "[F]orum selection clauses can be equally
20 applicable to contractual and tort causes of action."  Manetti-
21 Farrow, 858 F.2d at 514.  "Whether a forum selection clause
22 applies to tort claims depends on whether resolution of the claims
23 relates to interpretation of the contract."  Id.

24 Of the 30 claims in the Complaint, Bennett concedes that at
25 least 8 fall under the forum selection clause (the claims for
26 intentional interference with prospective economic advantage and
27 breach of fiduciary duty, 2 claims for breach of the duty of good

28

6

faith and fair dealing, and 4 claims for breach of contract).  <u>See</u> Opp'n at 3.  Bennett further concedes that an additional 7 of her claims might require reference to the Agreement in order to determine damages.  <u>Id.</u>  Without addressing whether the remaining claims actually require interpretation of the Agreement, it is clear that the forum selection clause requires that at least 15 of Bennett's claims proceed in the Western District of Kentucky.

Many of the claims which Bennett asserts fall outside of the forum selection clause will require the fact finder to make determinations identical to those required by the contract claims.  For example, Bennett's first 5 causes of action all allege violations of the Lanham Act, 15 U.S.C. § 1051 <u>et</u> <u>seq.</u>, related to Defendant purportedly claiming to use and support ColdFusion MX 7.0.2 Enterprise Edition software and failing to actually do so.  <u>See</u> Compl. ¶¶ 96-120.  The fourteenth cause of action, for breach of contract, alleges that the Agreement required Defendant to provide ColdFusion MX 7.0.2 Enterprise Edition software and that Defendant failed to do so.  <u>See</u> <u>id.</u> ¶¶ 163-172.  The facts necessary to resolve these claims overlap significantly, if not entirely.  Therefore, it serves the goal of judicial efficiency to have the tort claims tried in the same forum as the various contract claims.

Finally, the language of the forum selection clause is broad.  Even the tort claims that do not require interpretation of the terms of the Agreement may be considered legal action brought "in connection" with the Agreement.  <u>See</u> Agreement § M.

///

7

**IV.  CONCLUSION**

For the reasons set forth above, the Court finds that the forum selection clause in § M of the parties' Agreement is valid and enforceable.  Because the parties agreed that the sole and exclusive venue for any legal action brought in connection with the Agreement would be Jefferson County, Kentucky, venue is not proper in this district.  Pursuant to Federal Rule of Civil Procedure 12(b)(3), the Court GRANTS Defendant's Motion and dismisses Plaintiff's Complaint without prejudice.


IT IS SO ORDERED.


Dated: November 18, 2008

UNITED STATES DISTRICT JUDGE